212 So.2d 279 (1968)
James Byrum McKINNEY, Plaintiff and Appellee,
v.
John B. LEVY, Defendant and Appellant.
No. 2382.
Court of Appeal of Louisiana, Third Circuit.
June 18, 1968.
*280 John B. Levy, Baton Rouge, in pro. per.
Piccione, Piccione & Wooten, by David Hutchins, Lafayette, for plaintiff-appellee.
Before HOOD, SAVOY and CULPEPPER, JJ.
CULPEPPER, Judge.
The plaintiff, holder and owner of a promissory note, filed this suit for the sum of $3,900 due thereon. Defendant is the maker of the note. From a judgment by default rendered against him, defendant appealed.
The issue is whether the default judgment should be reversed and the case remanded to the district court for a new trial.
The record shows that suit was filed on July 18, 1967. Personal service on defendant was made on July 24, 1967. No answer or other pleadings having been filed by defendant, a preliminary judgment of default was entered by minute entry on September 7, 1967. On September 13, 1966, the court granted defendant an extension of 30 days, until October 13, 1967, within which to file an answer or other pleadings. On December 15, 1967, no answer or other pleadings having yet been filed by defendant, the judgment of default was confirmed. It was not until after proceedings were instituted to garnish defendant's wages, that he obtained an order, on February 16, 1968, for a devolutive appeal.
Defendant does not attack the judgment of default on the grounds of lack of proof or improper procedure. In his brief filed in this court, he states that he "had defenses he desired to urge such as set-off and complete or partial failure of consideration." He states further that he informed his attorney of these defenses, but because of inattention and neglect his attorney failed to file an answer. Defendant is himself an attorney and is prosecuting this appeal in proper person.
*281 Defendant also states in his brief that it is a custom in Lafayette Parish "for an attorney to warn a colleague before defaulting him," and that defendant had a right to rely on this custom being followed.
As a general rule, the Courts of Appeal have the right to remand cases for new trial, additional evidence, etc. to prevent a miscarriage of justice. LSA-C.C.P. Articles 2082 and 2164; Washington v. Hendrix Manufacturing Company, La.App., 106 So.2d 528; Williams v. United States Casualty Company, La.App., 145 So.2d 592; Cognevich v. Brazio, 159 La. 1019, 106 So. 550. The power to remand rests within the reviewing court's discretion, but such procedure should be sparingly exercised. Texas Pipeline Company v. Johnson, 223 La. 380, 65 So.2d 884, 38 A.L.R.2d 785; Vines v. Allen, 77 So.2d 100; Whitten v. Travelers Insurance Company, La.App., 141 So.2d 40.
In support of his request that this case be remanded for a new trial, defendant cites Burthe v. Lee, La.App., 152 So. 100; City of New Orleans v. Le Bourgeois, 50 La.Ann. 591, 23 So. 542; Weinberger Sales Co. v. Truett, La.App., 2 So.2d 699; and Bell v. Holdcraft, 196 So. 379. In each of these cases there was a strong showing in the motion for a new trial or the request for remand that the defendant actually had a good defense, that this defense could be proved by substantial available evidence, that defendant had timely employed an attorney, and that it was solely due to neglect on the part of the attorney that the defense was not presented. In most cases defendant furnished affidavits to support these facts.
The present case is readily distinguishable from those cited. Here the request for a remand gives no description whatever of the facts or the evidence on which defendant's alleged defenses are based. Defendant simply states in his brief in this court that he had defenses "such as set-off and complete or partial failure of consideration." These, of course, are mere conclusions. We do not feel constrained to exercise our discretionary right to grant a remand without a strong showing that the defendant actually has a defense, that it can be proved by substantial available evidence, that defendant is free of fault and that an injustice will result unless a new trial is ordered.
We notice particularly that defendant did not file a motion for a new trial in the district court. This was certainly a procedure available to him. LSA-C.C.P. Article 1973 gives the trial judge discretion to grant a new trial in any case where there is good grounds therefor, except as prohibited by law. Actually, the defendant's motion for a remand in the present case is a disguised request for a new trial, which could and should have been made in the district court. Granata v. Simpson, 171 So.2d 184 (La.App.1st Cir. 1965).
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant.
Affirmed.