HOOD, Judge.
The Town of Eunice instituted this suit primarily to enforce specific performance of a contract to construct a sewer system for that municipality. In the alternative, it demands damages for breach of that contract. The suit was filed against the contractor, M & L Construction Company (a partnership composed of Whitney Mouton and Percy Lormand), against the individual partners, Mouton and Lormand, and against Trinity Universal Insurance Company, the latter being the surety on the contractor’s bond. The first three named defendants answered and filed a reconven-tional demand against plaintiff, claiming additional sums alleged to be due them by the Town of Eunice. Defendant Mouton died after the case was tried but before judgment was rendered by the trial court, and the executors of his estate were substituted as parties-defendant.
After trial on the merits, judgment was rendered by the trial court: (1) Ordering M & L Construction Company, Lormand and the Estate of Whitney Mouton to correct certain defective work on the sewer system; (2) decreeing that upon failure of said defendants to make those corrections within 225 working days, then there be judgment in favor of plaintiff and against all four defendants, in solido, for the sum *126 of $208,306.69; (3) condemning all four defendants,' in solido, to pay to plaintiff the sum of $36,013.91, representing engineering and attorneys fees; and (4) condemning plaintiff, Town of Eunice, to pay to M & L Construction Company the sum of $7,500.00.
All four of the defendants appealed de-volutively from that portion of the judgment which orders specific performance of the contract, and they appealed suspensively from those portions of the judgment which condemn them to pay sums of money to plaintiff. The appeals were perfected and the record was lodged in this court in due course.
The appeal came up for argument on May 7, 1968. On that date defendant Lor-mand, individually and in behalf of M & L Construction Company, filed in this court a “Motion to Remand,” alleging as a basis for that motion that:
“Mover has been informed and on such information believes and avers that the plaintiff herein, the Town of Eunice, has entered into an agreement with other defendants herein, wherein all of the rights of the Town of Eunice have been settled and terminated and/or transferred or assigned and therefore this matter should be remanded to the lower court for the sole purpose of determining whether any right of action whatsoever still exists and whether there is any right or capacity to proceed in this cause.”
We referred that motion to remand to the merits, and it was argued and submitted at the time the case was submitted on its merits. The .matter is before us at this time, therefore, on the motion to remand and, in the event that motion is denied, then for decision on the merits.
At the time the motion to remand was argued, counsel for plaintiff acknowledged that compromise agreements had been entered into between the Town of Eunice and all of the defendants, except Lormand and the partnership, and he stated that even if the judgment appealed from should be affirmed, as urged by plaintiff, the Town of Eunice would receive nothing more from the judgment.
Shortly after the case was argued a written brief was filed in behalf of defendant Lormand, and attached to that brief were photocopies of the compromise agreements and acts of assignment to which reference had been made in the motion to remand. Counsel for Lormand states in that brief that these copies had been furnished to him by counsel for the Town of Eunice.
One of these agreements purports to have been entered into between the Town of Eunice, on the one hand, and Trinity Universal Insurance Company, on the other. It provides, in substance, that in consideration of the sum of $60,000.00 paid to plaintiff by Trinity, along with $120,000.00 paid by the Mouton interests, the Town of Eunice releases, acquits and forever discharges Trinity from all obligations in connection with the claim which is the subject of this suit. The agreement also provides that the Town of Eunice assigns unto Trinity all of its rights, claims and actions against Lormand in this suit, up to the sum of $60,000.00.
The second agreement purports to have been entered into by the Town of Eunice, on the one hand, and Estate of Whitney Mouton and James D. Thompson, on the other. It provides, in substance, that in consideration of the sum of $120,000.00 paid to plaintiff by the Mouton interests, the Town releases, acquits and forever discharges the Estate of Whitney Mouton and James D. Thompson from any further liability arising 6ut of the contract between the Town and M & L Construction Company. The Mouton interests and Thompson also acknowledged full satisfaction of the judgment for $7,500.00 rendered in favor of M & L Construction Company and against the Town of Eunice, and it released the town from any further obligation relating to that claim, reserving to *127 Lormand any rights he may have thereunder. In the same compromise agreement, and in consideration of the two payments which it had received, totaling $180,000.00, the Town of Eunice assigned to the Estate of Mouton and James D. Thompson “all of its rights, claims and actions against Percy Lormand in said suit no. 42,580, now bearing no 2191 on the docket of the Louisiana Court of Appeal, Third Circuit, except the portion thereof assigned by the Town of Eunice to Trinity Universal Insurance Company in the agreement executed contemporaneously herewith.”
The motion to remand which is before us now was filed solely in behalf of defendants Lormand and M & L Construction Company. Trinity Universal Insurance Company, James D. Thompson and the Estate of Whitney Mouton have filed no pleadings and made no appearance in this case since the motion to remand was filed and since the existence of these compromise agreements was called to our attention. No attempt has been made to im-plead Thompson as a party to this litigation, no opposition to the motion to remand has been made and no third party action has been instituted by any of said parties against Lormand.
Counsel for defendant Lormand argues that the Town of Eunice has assigned all of its right, title and interest in this litigation to Trinity Universal Insurance Company, the Estate of Whitney Mouton and James D. Thompson, and that the Town of Eunice thus has no further interest in the subject matter. He points out that Thompson, who has never been a party to this suit, has now been assigned an interest in the litigation and should be joined as a party. And, he argues that it would be unjust for this court to review and act on the judgment appealed from when defendant Lormand has never been given an opportunity to assert the defenses or rights which may be available to him as against the real parties in interest.
In the motion which is before us now, the mover demands only that the case be remanded to the trial court in order that the appropriate rights and interests of the parties can be determined, and in order that any defenses which may be available to Lormand can be asserted against the parties who now stand in the place of the Town of Eunice. He cites LSA-C.C.P. art. 698 and Lafleur v. National Health and Life Insurance Company, 185 So.2d 838 (La.App.3d Cir. 1966) as authority for this demand.
We are unable to determine at this time the effect which the two compromise agreements and acts of assignment have on the rights of the parties. The agreements have never been filed in evidence. No determination has ever been made by the trial judge as to the effect which these agreements have on the rights of the parties, and defendant Lormand has never had an opportunity to present a defense to the claims of the assignees.
Although the compromise agreements have never been filed in evidence, the fact that such documents do exist has been brought to our attention by formal allegations to that effect in the motion to remand, and by the acknowledgment made in oral argument by counsel for the Town of Eunice. We must assume, therefore, that compromise agreements and acts of assignment of some type have been executed by the Town of Eunice, and that the agreements are of such a nature that the rights of the parties may be affected by them.
We have concluded that the ends of justice would be served best by setting aside the judgment appealed from and remanding the case to the trial court in order that the parties may be given an opportunity to introduce in evidence these compromise agreements and any other proof which may be available to any of said parties relating to the validity of those agreements and the effect which they may have on the rights and claims of the parties. Interpleader or other pleadings which are proper and appropriate for the purposes herein set out may be filed by interested parties. After a hearing, the trial court may determine the *128 effect which the compromise agreements and acts of assignment have had on the rights of the parties, and then judgment on the merits should be rendered consistent with that determination.
At this time we specifically express no opinion as to the validity or effect of the alleged compromise agreements, or as to the right or necessity of impleading other parties, or as to the applicability of the authorities relied on by the mover, or as to the merits of the case. We are remanding the case solely because we feel that under the circumstances presented here the ends of justice would be served best by such a procedure.
For the reasons assigned, the judgment appealed from is set aside and the case is remanded to the trial court for further proceedings consistent with the views herein expressed. The costs of this appeal are assessed to all of defendants-appellants in equal proportions.
Remanded.