CULPEPPER, Judge.
Plaintiff-husband sued his wife for divorce on the grounds of adultery, and al *466 ternatively for a separation from bed and board on the grounds of abandonment. The defendant-wife reconvened for separation on the grounds of cruelty. After a trial on the merits, the district judge rejected the husband’s demands and granted the wife’s reconventional demand for separation. Custody of the two youngest children, ages 1 year and 7 years respectively, was awarded to the wife. Custody of the oldest child, 10 years of age, was awarded to the husband. Alimony in the sum of $225 per month was awarded to the wife and two children. The husband appealed.
The issues on appeal are: (1) Did the plaintiff-husband prove his demand for divorce on the grounds of adultery? (2) Did the trial court err in denying plaintiff-husband’s alternative demand for separation on the grounds of abandonment? (3) Did the trial court err in awarding a judgment of separation to the defendant-wife on the grounds of cruelty? (4) Did the trial court err in awarding the sum of $225 per month alimony for the support of defendant and two minor children? (5) Should we grant the defendant-wife’s motion to remand this case to the district court for further evidence? The parties raise no issues on appeal as to the custody awards.
THE HUSBAND’S DEMAND FOR DIVORCE
Two witnesses, Mr. Lester Seal and Mr. Gene Taylor, testified that during the summer of 1968 they were engaged in the construction of a home for Mr. Seal across the street from the residence of plaintiff and defendant in Ward 10 of Rapides Parish. They frequently saw Mr. Tommy Shaw, an employee of Borden Milk Company, drive his milk truck to the Taylor residence and go in the front door and spend two or three hours. On one occasion, when Mr. Shaw left the Taylor residence, they saw Mrs. Taylor, clothed only in a brassiere and panties, standing in the front door with her arms around the milk man.
The defendant wife admits that she knows Tommy Shaw and that at one time he delivered milk to her home for Borden Milk Company, but she denies any adulterous relationship.
On the basis of the record before us, there is substantial evidence to prove the wife’s adultery with Mr. Shaw.
ALIMONY
Turning now to the evidence in the record regarding alimony, the plaintiff-husband’s income tax returns show that for 1969 his net income was $4,631, and for 1970 it was $4,375. Hence, his average monthly earnings were about $375. The court awarded the wife the sum of $225 per month for the support of herself and two children, which leaves only $150 per month for the plaintiff-husband and the oldest child of whom he has custody. It is obvious that on the basis of the record before us, the evidence does not support the alimony award.
THE WIFE’S MOTION TO REMAND
These obvious deficiencies in the evidence are explained by the defendant-wife in her motion to remand the case. She contends that after plaintiff had completed his case in the district court and defendant was proceeding with her evidence, counsel for plaintiff and defendant had a conference with the judge. In her motion, defendant states that the district judge informed counsel that he did not believe plaintiff’s witnesses as to the alleged adultery. She also states that during the conference in the judge’s chambers, her counsel revealed to the judge that he had contacted Borden Milk Company and determined that Mr. Tommy Shaw left their employment in January of 1968 and hence was not delivering milk to the defendant-wife during the summer of 1968. The defendant-wife’s motion for a remand further states that during the conference in the judge’s chambers the parties consented *467 to the judgment which was rendered, as described above. For this reason, the defendant-wife produced no further evidence to contradict plaintiff’s witnesses regarding the adultery, nor did she introduce any further evidence regarding alimony.
After judgment was rendered by the district court, the plaintiff-husband changed attorneys and instituted the present appeal. The defendant-wife contends the reason that plaintiff’s trial attorney withdrew from the case was his reluctance to renege on the consent judgment.
The defendant-wife has attached to her motion for a remand an affidavit from the Borden Milk Company, which states that Thomas Shaw left the employment of Borden’s on January 27, 1968. Also attached to the motion is an affidavit of Mr. Thomas Shaw denying any adulterous relationships with Mrs. Taylor.
Courts of appeal have the right to remand cases for a new trial, additional evidence, etc., to prevent a miscarriage of justice, LSA-C.C.P. Articles 2082 and 2164. Jurisprudence has established the rule that the procedure should be sparingly used, but each case depends on its own facts, McKinney v. Levy, 212 So.2d 279 (La.App. 3rd Cir. 1968). Under the peculiar circumstances of the present matter, the defendant-wife’s motion for a remand must be granted. A serious miscarriage of justice would result if the defendant-wife were branded as an adulteress, where she had evidence to show the charges against her are untrue, but failed to introduce it because she and her attorney thought the case was being settled by a consent judgment. It would also result in a serious injustice if the alimony were reduced on the basis of the evidence in the record, when additional evidence would have shown the plaintiff-husband has a greater income.
For the reasons assigned, the judgment appealed is reversed and set aside. This' case is remanded to the district court for the introduction of additional evidence as to all issues, after which any appropriate judgment may be rendered. Costs in the lower court will await a final determination of the case. All costs of this appeal are assessed against the plaintiff-husband.
Reversed and remanded.