262 So.2d 803 (1972)
Mrs. Audrey W. ROUGEAU, Plaintiff-Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Defendants-Appellees.
No. 3847.
Court of Appeal of Louisiana, Third Circuit.
May 26, 1972.
*804 Richard B. Crowell, Alexandria, for plaintiff-appellant.
Gist, Methvin & Trimble, by David A. Hughes, Alexandria, for defendant-appellee.
Before SAVOY, CULPEPPER and DOMENGEAUX, JJ.
SAVOY, Judge.
This is an action by plaintiff, Mrs. Audrey W. Rougeau, to reform the terms of a policy of automobile insurance containing an automobile death indemnity clause. Plaintiff filed this action against State Farm Mutual Automobile Insurance Company alleging mutual error in the terms of the death indemnity clause portion of the family automobile insurance contract.
*805 Defendants, State Farm and J. W. Thomson, a local agent of State Farm, answered denying any mutual mistake.
Following a trial on the merits, the trial court held that there was no mutual error or fraud, and that plaintiff was not entitled to a reformation of the contract. Plaintiff has appealed from that judgment.
The salient facts of this case are that Harold Rougeau died on July 22, 1969, from injuries he sustained in an automobile accident which occurred on or about July 1, 1969. Mrs. Rougeau filed a claim under the death indemnity clause of the family automobile policy. Liability was denied by defendants on the grounds that the named insured in the policy was Mrs. Audrey Rougeau, not Harold Rougeau.
During the period between September 8, 1959, and July 22, 1969, State Farm issued to Harold and Audrey Rougeau nine separate policies of automobile liability insurance. Four of these policies contained an automobile death indemnity endorsement.
The first policy was issued on a 1959 Ford sedan. The policy provided for coverage for liability, medical pay and an endorsement for automobile death indemnity, naming Harold Rougeau as the insured. At the same time, a policy was issued to Harold and Audrey Rougeau covering a 1947 Mercury automobile they owned at that time.
The next policy issued to the Rougeaus was a policy to substitute a 1956 Oldsmobile for the insured Mercury. After this, another policy was issued to replace the policy on a 1959 Ford automobile. At this point when the policy was issued, the named insured under the death indemnity clause was changed from Harold Rougeau to Audrey Rougeau, and in this policy Audrey Rougeau appeared as the named insured under the endorsement for automobile death indemnity. This policy was effective from March 8, 1961, to September 8, 1961.
This policy was renewed and reissued a number of times because of changes in coverage or changes of automobile ownership. All subsequent renewals and reissuance of that policy continued to carry Audrey Rougeau as the named insured under the accidental death indemnity clause. This situation continued for a period of eight years.
J. W. Thomson, agent for State Farm, testified he made the change of the named insured in the indemnity clause at the request of Mrs. Audrey Rougeau.
Mrs. Rougeau testified she never told the agent to change the named insured from Harold Rougeau to her own name. Mr. Thomson's testimony furthermore was that he forwarded a policy change to the home office at the request of Mrs. Rougeau.
Concerning this testimony relative to the policy change the trial court stated:
"The policies were issued at the home office and are based upon information sent in by the agent. There is some mystery attached to this request for insured change. The home office was not able to locate the request received from the agent. The agent had a copy of the obverse side of the information sheet that he filled out when Mrs. Rougeau came to his office. He stated that it did not contain any information on the reverse side because when he turned it over he neglected to reverse the carbon. He states that, however, the original must have contained the request to change the insured from Harold Rougeau to Audrey Rougeau otherwise the company would not have reissued the policy with that change."
The court went on to find as a fact that the name of the insured was caused to be changed by plaintiff either actually requesting the change or in negligently conveying the idea to the agent that a change was desired. The trial court found that if *806 there was any mistake or error, the mistake was unilateral on the part of the Rougeaus or the plaintiff, Mrs. Rougeau, and that there was no showing of any error or mistake on the part of the defendant, State Farm. For this reason the reformation was denied by the trial court.
We think the trial court's finding of fact in this case is amply supported by the evidence and the testimony in this matter. We find no manifest error in the conclusions reached by the trial judge.
There is no real dispute in this matter as to the law applicable to the instant case. The rule was succinctly stated in Ferguson v. Belcher and Son, 230 La. 422, 88 So.2d 806 (1956). Addressing itself to the question of reformation of a policy of insurance, the Supreme Court stated:
"It is an established rule of law that in a suit between the parties to a contract, either party is always permitted to correct any error in the instrument purporting to evidence the contract so as to make it express truly and correctly the intentions of the parties. However, the error or mistake must be mutual. The burden is on the one seeking the reformation to prove the error, and he must carry said burden by clear, and the strongest possible proof. See Reynaud v. Bullock, 195 La. 86, 196 So. 29."
Thus, the instant case presents for determination mainly a question of fact. Under the accepted rules regarding reformation, plaintiff in this matter bears the burden of proof and the evidence of mutual error must be strong and convincing.
Thus, where a mutual error is committed and the written contract does not express the true intention of the parties, the courts are authorized to reform the contract to reflect clear and true intent of the parties, but the court cannot make a new contract. The facts in this case reveal that the error, if any, was unilateral, and the courts are not authorized to reform the contract. Any attempt to reform would, in fact, constitute the making of a new contract for the parties. This the courts cannot do. LSA-C.C. Article 1826.
Plaintiff has filed in this Court a motion to remand in which she alleges that since the lodging of this appeal, an insurance binder with an effective date of September 6, 1962, issued by State Farm and naming Harold Rougeau as a named insured on a policy to include automobile death and indemnity, has been found.
Despite the allegations contained in the motion to remand, we think there is no substantial showing by mover that the introduction of this evidence in the trial court would appreciably change the results or the facts found by the trial court. Additionally, it is incumbent upon the party moving in this Court for a remand on this basis to show that the evidence could not have been produced at the trial on the merits. There is no substantial showing in the allegations contained in the motion that would have prevented the production of this evidence, if in fact, it is admissible or would have appreciably changed the fact findings of the lower court.
The binder in question, of which a Xerox copy was filed in this Court, along with the motion, states that it shall be in force no more than thirty days from the effective date of the binder and shall be superseded by the policy itself. The effective date of the binder was September 6, 1962. As we indicated earlier, a policy was issued on the automobile after that, and under the terms of the binder, the issued policy, which names Mrs. Rougeau as the named insured under the death indemnity provision, supersedes the rider itself. We are not convinced that substantial justice requires the remanding of this case for the purpose of allowing this binder to be offered in evidence. Thus, the motion will be denied.
*807 For the reasons assigned, the judgment of the trial court dismissing plaintiff's demand at her costs is affirmed. All costs of this appeal are assessed against plaintiff-appellant.
Affirmed.