CULPEPPER, Judge.
The plaintiffs, Mrs. Sillar McCartney, et al., filed a possessory action coupled with a demand for damages. They allege that they have possessed for many years a tract of land located in the Northwest Quarter of Section 10, T9N, R10W, Natchitoches Parish, Louisiana, and that the defendant, Dave Stafford, disturbed their possession by cutting trees and constructing a fence on the northern portion of the property in such a way as to cut off the road which provided access to their home, their barns and their fields.
The defendant answered, converting the action to a petitory action. Stafford claims ownership by recorded title to property located in Section 3, T9N, R10W, the section line being the boundary between his property and that of the McCartneys on the south, according to their respective recorded titles. Furthermore, Stafford claimed ownership beyond his title to a visible boundary by the prescription of 30 years under LSA-C.C. Article 852 and the prescription of 10 years under LSA-C.C. Article 853. He alleged an old fence south of the section line had separated the Stafford land from the McCartney land for over 30 years, and that he had possessed to that fence for over 30 years.
Stafford later filed a separate suit entitled “Dave Stafford v. Ray McCartney, et al.”, which is a boundary action. He alleged that he owned property located in Section 3 and the McCartneys owned adjoining property located in Section 10, and that the boundary had never been established. He requested the court to appoint a surveyor to determine the boundary. Stafford also alleged that there was then pending the possessory action brought by the McCartneys, which had been converted by Stafford into a petitory action, and he prayed that the two suits be consolidated. The district judge signed an order appointing a surveyor and consolidating the two suits. The McCartneys then filed an opposition to the boundary action.
The two consolidated cases were set for trial on December 17, 1973. At the beginning of the trial, McCartneys’ attorney took the position that he had opposed the consolidation of the petitory action with the boundary action, that the surveyor appointed by the court had not yet made a survey and that therefore the boundary action was not ready for trial. The district judge agreed. The parties then proceeded to try the petitory action.
At the trial, the evidence showed the McCartneys had lived on their property in Section 10 for many years. Their home is on the northern portion of the property. On the north side of their house, there is an old fence which runs generally east and west. A few feet north of the fence, there is an old abandoned parish road, which also runs generally east and yyest. This old road runs to the Ajax-Marthaville public highway which is west of the McCartney property. The McCartneys used the old abandoned road as a means of ac *784 cess to their property for many years until Stafford blocked it off by building- the new fence alleged as a disturbance of their possession. They had also planted fruit trees on or near the old abandoned road, and these trees were cut by Stafford.
No survey was filed in the record to show the location of the section line or of the old road or of the fence. The Mc-Cartneys testified they did not know where the section line was, but they had always understood it was about in the center of the old road. Their testimony tended generally to show that they had possessed for many years the property extending to the north side of the old abandoned road.
Stafford alleged in his petition converting the possessory action to a petitory action, that the section line runs “several chain links” north of the old fence line. He introduced testimony in an attempt to show that the fence had been recognized as the boundary between the McCartney land and the Stafford land for more than 30 years. He claimed ownership “up to the fence line”, by prescription of 30 years under LSA-C.C. Article 852 and the prescription of 10 years under LSA-C.C. Article 853.
In written reasons the district judge stated: “There is no way for the court to determine the limits of the legal title of the plaintiff and the defendant. This could only be determined by a boundary action in which the north boundary line of the property of the McCartneys would be the southern boundary line of the property of the defendant, Stafford.” The judgment rendered by the district court does not decide the petitory action. It decrees only that the McCartneys are entitled to recover possession of the area in dispute “lying north of the McCartney fence up to and including the road which connects with the blacktop highway and traverses the area north of the McCartney fence in an east and west direction.” The judgment further awards the McCartneys $900 in damages for the disturbance of their possession and enjoins Stafford from further disturbance of the McCartneys’ possession.
Stafford appealed that judgment. He urges that the trial court erred in not deciding the petitory action. He asks that we decide it on appeal.
We agree with Stafford that he has a right to. have the petitory action decided one way or the other. But we also agree with the trial judge that without a survey or a boundary action to determine the location of the section line on the ground, an adjudication of the issues of ownership could result in an injustice to 'one of the parties.
Of course, we recognize that since Stafford, as defendant in the possessory action, asserted title in himself, he thereby converted the suit into a petitory action and judicially confessed the possession of the McCartneys, LSA-C.C.P. Article 3657. Also, as the plaintiff in the petitory action, Stafford has the burden to “make out his title” as against the McCartneys who are in possession, LSA-C.C.P. Article 3653. We considered the possibility of deciding this case on the basis that Stafford has failed in his burden to prove ownership by possession beyond his title to the old fence under the prescriptions of either Article 852 or 853. We also considered holding that since the parties have agreed that, according to their recorded titles, the section line is the boundary, judgment could be rendered in the petitory action recognizing Stafford as the owner of the property lying north of the section line. However, such a decision would require a remand of the case to determine the location of the section line on the ground, because the McCartneys would not be entitled to damages as to any portion of the land which Stafford actually owns. See the discussion by Professor A. N. Yiannopoulos in an article entitled “Real Actions in Louisiana and Comparative Law,” 25 La.L.Rev. 589.
*785 Furthermore, such a judgment, recognizing Stafford as the owner of the land north of the section line, could result in a serious injustice to the McCartneys if it is later determined by survey that the section line is actually south of the old road or south of the old fence. If the section line is actually south of the old road or the old fence, the McCartneys may desire to assert ownership beyond their title to a visible boundary under Article 852 or 853.
We have concluded that in order to do substantial justice, this case must be remanded to the district court for consolidation with the pending boundary action, and for the filing of any additional pleadings and the admission of any additional evidence which the parties may desire in connection with these consolidated cases. See LSA-C.C.P. Articles 2082 and 2164, as construed by McKinney v. Levy, 212 So.2d 279 (La.App., 3rd Cir. 1968) for the authority of the courts of appeal to remand cases for additional evidence to prevent a miscarriage of justice.
For the purpose of clarity, we do not on this appeal decide what property is owned by Stafford or what is owned by the Mc-Cartneys. All rights are reserved to all parties to assert in the consolidated cases whatever claims to ownership they have by recorded title or by prescription or otherwise.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that this case be remanded to the district court for consolidation with the case entitled “Dave Stafford v. Ray McCartney, et al.”, Docket No. 39160, for the filing of such additional pleadings and the introduction of such additional evidence as the parties may desire in accordance with law and the views expressed herein. All costs of this appeal are assessed against the appellant, Dave Stafford. Assessment of the costs of the district court must await a final determination there.
Reversed and remanded.