SAMUEL, Judge.
This is a suit for nullity of a judgment in favor of the defendants, which judgment dismissed plaintiff’s action for seizure and sale by executory process of mortgaged immovable property and restrained and enjoined the sheriff of St. John the Baptist from taking any further action in connection with that executory proceeding. On appeal to this court, the judgment now sought to be annulled was affirmed insofar as dismissal of the suit was concerned on the ground defendants had carried their burden of proving timely monthly payments sufficient to prevent delinquency.[1]
The petition alleges the judgment was obtained by fraud and ill practices[2] in that “the defendant testified that he had made all of his mortgage payments timely and that none of his payments had been returned to him by petitioner”. The petition further alleges tracers had been requested on the postal money orders by which defendants allegedly had made payments, but *322 no information thereon had been received at the time of the original hearing and that, subsequent to the judgment, copies of the cashed money orders were received showing they had in fact been cashed by the defendants and not by the plaintiff.
Plaintiff has prosecuted this appeal from a judgment in favor of the defendants, dismissing plaintiff’s suit for nullity. In this court plaintiff’s sole contention is that .the original judgment should be declared null and void and a new trial ordered because that judgment was obtained as a result of the untruthful defendant testimony.
Only one witness testified at the hearing on the petition for nullity, a plaintiff employee offered by the plaintiff. He stated he had with him copies of money orders which had been submitted to the plaintiff for payment of the loan in suit, but returned by the plaintiff to the defendants and subsequently cashed by the latter. In connection with his testimony, these copies were offered and received in evidence over a timely objection by defense counsel who stated he disputed their authenticity.
The copies so received in evidence purport to be photostatic copies of “United States of America Postal Money Orders” issued by the United States Postal Service. The United States Postal Service, “an independent establishment of the executive branch of the Government of the United States”,[3] is a “political subdivision, corporation or agency” of the United States within the contemplation of Code of Civil Procedure Article 1395. That article requires that such .copies may be introduced in evidence if attested by the officer having legal custody of the record, of by his deputy, and accompanied with a certificate that such an officer has the custody. The article further provides by whom the certificate may be made.
The photostatic copies of the money orders offered by plaintiff contain no attestation by anyone and are not accompanied by any certificate. Accordingly, under Code of Civil Procedure Article 1395 they were inadmissible, should not have been received in evidence, and cannot be considered. As these copies constitute the only proof upon which nullity of the judgment appealed from could be based, we affirm.[4]
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

. Federal National Mortgage Association v. Roberts, La.App., 317 So.2d 244.

. Under LSA-C.C.P. Art. 2004.

. T. 39 U.S.C.A. § 201.

. We note that the trial court dismissed the suit even though he apparently took the copies into consideration.