350 So.2d 377 (1977)
Louis LEGER, Jr., Plaintiff-Appellant,
v.
DELANO PLANTATION INC. et al., Defendant-Appellee.
No. 6163.
Court of Appeal of Louisiana, Third Circuit.
September 19, 1977.
Rehearing Denied October 11, 1977.
Edwards, Stefanski & Barousse, Crowley (Larry C. Dupuis, Crowley, of counsel), for plaintiff-appellant.
Dean & Lomenick, Otis E. Lomenick, Jr., and G. Fred Seemann, Opelousas, for defendant-appellee.
Before DOMENGEAUX, WATSON and GUIDRY, JJ.
WATSON, Judge.

MOTION TO REMAND
The plaintiff-appellant, Louis Leger, Jr., moves to remand this suit to the trial court for the purpose of introducing additional evidence. In the alternative the plaintiff-appellant requests that he be permitted to file in this court a certified copy of a 1967 stock law ordinance of St. Landry Parish. The motion is opposed.
We deny the motion.
The plaintiff filed this tort action on June 12, 1973, seeking damages as a result of a collision between a car, driven by the plaintiff, and a cow, owned by the defendant. This case was tried on October 26, 1976. The matter was taken under advisement, and on January 17, 1977 the trial court rendered written reasons for judgment. A formal judgment was signed and rendered on February 1, 1977 in favor of the defendant dismissing plaintiff's suit. The plaintiff did not file a motion for a new trial.
In his reasons for judgment the trial court stated:
"I do not find that Highway No. 105 is listed in R.S. 3:2803. Therefore, the rule in Harrington vs. Upchurch, [La.App.], 331 So.2d 506, must apply. Defendant cannot be held liable and plaintiff's claim must be dismissed."
The plaintiff is now seeking to have this court remand this case on the grounds that *378 he has recently discovered an ordinance of the Police Jury of St. Landry Parish, which was adopted on August 7, 1967, making Highway No. 105 a stocklaw highway under LSA-R.S. 3:3001 et seq.
In the case of McKinney v. Levy, 212 So.2d 279 (La.App. 3rd Cir. 1968), we stated:

* * * * * *
"As a general rule, the Courts of Appeal have the right to remand cases for new trial, additional evidence, etc. to prevent a miscarriage of justice. LSA-C.C.P. Articles 2082 and 2164 . . . The power to remand rests within the reviewing court's discretion, but such procedure should be sparingly exercised."
In Rougeau v. State Farm Mutual Automobile Insurance Company, 262 So.2d 803 (La. App. 3rd Cir. 1972), we held that it is incumbent on the party moving for a remand on the basis on newly discovered evidence to show that the evidence could not have been produced on the trial on the merits.
In the present case the accident occurred on September 26, 1972, and the trial was not held until a little over four (4) years later, on October 26, 1976. The copy of the ordinance and documents which the plaintiff has attached to his motion show that the ordinance was adopted in 1967, and that the copy attached is a xerox copy from a page of the Code of the Police Jury of St. Landry Parish. Plaintiff has given no explanation as to why he could not locate this ordinance in the some four years this matter was pending in the lower court.
Additionally, we note particularly that the plaintiff did not apply for a new trial. After reviewing the district court's reasons for judgment on January 18, 1977, (we assume attorney received a copy of the reasons for judgment the day after it was mailed), and thus being aware at that time of the reason the case was lost, plaintiff's counsel did not apply for a new trial, although he had until February 10, 1977 in which to do so.
Under the circumstances of this case we do not believe that the interest of justice will be served by remanding this case for the introduction of additional evidence.
As to plaintiff's alternative request that he be permitted to file a copy of the ordinance with this court, it is Hornbook law that the Courts of Appeal may not consider evidence which was not previously introduced in the trial court. Delahoussaye v. Porrier, 232 So.2d 562 (La.App. 3rd Cir. 1970).
MOTION DENIED.