367 So.2d 397 (1978)
Glen C. ROARK and Curtis D. Roark, Plaintiffs-Appellees,
v.
Johnnie MAY et ux., Defendants-Appellants.
No. 6864.
Court of Appeal of Louisiana, Third Circuit.
November 15, 1978.
Writ Refused January 12, 1979.
*398 Reeves & Owens by Jack F. Owens, Jr., Harrisonburg, for defendants-appellants.
George Griffing, Jonesville, Sam O. Henry, III, West Monroe, for plaintiffs-appellees.
Before DOMENGEAUX, FORET and CUTRER, JJ.
FORET, Judge.

MOTION TO REMAND
The defendant-appellant, Johnnie May, in a petition entitled "Application for New Trial," moves to remand this suit to the trial court in order to enable him to proceed with the introduction of new evidence in a new trial. The motion is unopposed.
A default judgment was rendered in this case on April 10,1978, and was amended on May 8, 1978, in favor of the plaintiffs, Glen C. Roark and Curtis D. Roark. After the delays for a suspensive appeal had run, the defendant was granted a devolutive appeal to this court on June 19, 1978.
On September 18, 1978, the defendant-appellant filed a motion for a new trial in the trial court, asserting that he had discovered important new evidence germane to the outcome of this litigation. The trial court denied his application for the reason that the previously granted devolutive appeal had divested that court of jurisdiction in the matter. The next day, defendant then filed this motion before this court.
The authority of an appellate court to remand an action for proper consideration to the trial court is conferred in part by LSA-C.C.P. Article 2164, which states:
"The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. . . ."
Under the judicial interpretations given to this article, this court is empowered to remand a case for the consideration of new evidence. McKinney v. Levy, 212 So.2d 279 *399 (La.App.3rd Cir. 1968). However, it is incumbent upon the party moving for a remand on the basis of new evidence to show that the evidence could not have been produced at trial. Rougeau v. State Farm Mutual Automobile Ins., 262 So.2d 803 (La. App.3rd Cir. 1972); Leger v. Delano Plantation, Inc., 350 So.2d 377 (La.App.3rd Cir. 1977).
In this instance, defendant attempts to introduce an affidavit by one of the defendants stating that the "purchase" agreement at issue was actually an "option to purchase." However, defendant has failed in his application to offer any reason as to why he could not have appeared at the trial of this matter and offered such evidence at that time. A remand should not be granted without a strong showing that the defendant against whom a default judgment has been granted actually had a defense, that it could have been proved by substantial evidence, that the defendant is free from fault, and that an injustice will result unless a new trial is ordered. McKinney v. Levy, supra. The defendant herein has failed to make such a showing.
For the reasons assigned, the motion is denied.
MOTION DENIED.