FORET, Judge.
Lily Davies Bodin, widow of Camille Bo-din, as owner of an undivided one-third interest in certain described immovable property, filed suit September 8, 1977, for partition by licitation against Joan A. Bo-din, the divorced wife of Lawrence Kent Berry and divorced wife of Luther R. Doi-ron. By means of a “supplemental and amending petition”, plaintiff made the United States of America, through the Internal Revenue Service, a party to this suit due to outstanding Federal tax liens affecting the property.
Plaintiff’s petition sought (1) partition of the property by licitation, (2) that the property be sold free and clear of all mortgages, liens, claims and encumbrances and, (3) all such mortgages, liens, etc. be transferred to the proceeds of the sale allocated to the party who is the debtor of such claims (i. e. Joan Bodin), in accordance with Article 1338 of Louisiana Civil Code.
On December 21, 1977, Joan Bodin filed a document entitled “answer, original, first supplemental and second supplemental petition, affirmative defense and rule to show cause” wherein she argued that the various mortgages, etc. affecting her interest in the property should be cancelled as they reflected debts of the community regime previously existing between Joan Bodin and Luther Doiron but now dissolved by judgment of separation. Additionally, she stated that she had renounced the community and was no longer responsible for its debts and that as the property involved in this lawsuit was her separate and paraphernal property, the mortgages, etc. should be can-celled.
After a hearing on the rule to show cause, judgment was signed on February 28, 1978, ordering all mortgages, etc. can-celled as to the separate, paraphernal property of Joan Bodin except for one Federal tax lien for which the record was kept open.
Trial was had on the merits of the petition for partition by licitation and judgment was rendered on April 27, 1978. In that judgment, the trial court granted partition by licitation and ordered that all claims, liens and encumbrances against the property be transferred to the proceeds of the sale allocated to the party who is the debtor of such claims, etc. in accordance with Article 1338 of the Louisiana Civil Code. It was further ordered that there be judgment in favor of defendant Joan Bodin and against the United States of America cancelling the remaining Federal tax lien not previously adjudicated in the hearing on the rule to show cause.
It is from this portion of the judgment cancelling the Federal tax lien that the United States of America has brought this appeal; there is no dispute as to the judgment ordering a partition by licitation.
Tax assessment was made against the taxpayers, Luther R. and Jo Ann (Joan) Doiron (Joan A. Bodin), on June 25, 1973, for income taxes for the period ending December 1, 1967, in the amount of $5,107.02. The tax lien at that time attached to the property of the taxpayers. Notice of the Federal tax lien on the assessment was filed on September 19, 1974, in the mortgage records of Lafayette Parish. Joan Bodin does not herein dispute the validity of the filing of the tax lien; she objects to her payment of this tax as it being a debt of the community of acquets previously existing between her and Luther Doiron. Since she renounced the community after her separation, she argues that she should not be bound for any debts of the community.
However, this renunciation of the community is of “no comfort to the wife- *1242 taxpayer”. United States v. Mitchell, 403 U.S. 190,204, 91 S.Ct. 1763,1771,29 L.Ed.2d 406, 416 (1971). In Mitchell, the United States Supreme Court held that a married woman domiciled in Louisiana is personally liable for Federal income tax on her half interest in community income realized during the existence of the community notwithstanding her subsequent renunciation under state law of her community rights and obligations. Mr. and Mrs. Mitchell filed no income tax returns for several years (Mrs. Mitchell relied on her husband’s assurances of timely filing). After determining the deficiencies owed by Mrs. Mitchell, the Internal Revenue Service sought to collect such from property Mrs. Mitchell inherited from her mother after her divorce. The Court held that:
“. . .an exempt status under state law does not bind the federal collector. Federal law governs what is exempt from federal levy.” 403 U.S. 190, 204, 91 S.Ct. 1763, 1771, 29 L.Ed.2d 406, 416 (1971).
Finding that the United States Supreme Court has ruled on this issue in such a manner, leaves no room for Joan Bodin to urge her non-liability for the taxes due by virtue of her renunciation of the community as provided by Louisiana law.
The final issue in this case, which Joan Bodin argues most strenuously, is the use of a copy of the income tax return which forms the basis of the tax lien. Joan Bodin argues that when 26 U.S.C. § 7513 was amended in 1976, the section which authorized the use of copies of income tax returns as evidence in judicial proceedings (26 U.S.C. § 7513(c)) was deleted and that the United States of America has no right to use a copy in this trial.
This section of the tax code was amended during a wholesale revision in 1976 (the Tax Reform Act of 1976). A study of the United States Code Congressional and Administrative News reveals no purpose behind this specific deletion.
The United States argues that the use of copies is permitted by other Federal and state statutes in the title Judicial Procedure, 28 U.S.C. § 1733(b) which provides:
“Properly authenticated copies or transcripts of any books, records, papers, or documents of any department or agency of the United States shall be admitted in evidence equally with the originals thereof.”
La. R.S. 13:3733A and B allow the use of copies of business records the same as originals in court proceedings. The United States argues that the tax return in question falls within this business record doctrine.
Louisiana Code of Civil Procedure articles on proof of official records (Articles 1393— 1397) also allow the use of properly authenticated copies of government records (see especially the official revision comments following Article 1393). In Federal National Mortgage Association v. Roberts, 347 So.2d 321 (La.App. 4 Cir. 1977), copies of United States postal money orders were sought to be introduced under these provisions of the Code of Civil Procedure. Although for a reason not present here (they were not properly authenticated), the copies were denied admissibility. The court stated that:
“. . . such copies may be introduced in evidence if attested by the officer having legal custody of the record . . .” 347 So.2d at 322.
The copies in the present case were certified by the appropriate Internal Revenue officers in charge of such records and they are admissible.
We thus affirm the judgment of the trial court as to the demand for partition by licitation and reverse the judgment of the trial court in cancelling the Federal tax lien in question as to the proceeds of the sale accruing to defendant, Joan Bodin.
Costs of this appeal are assessed against Joan A. Bodin.
AFFIRMED IN PART, REVERSED IN PART.