GUIDRY, Judge.
MOTION TO REMAND
Plaintiff-appellee, Marion Ross Friday, moves to remand this suit to the trial court for the purpose of the trial court receiving evidence which plaintiff-appellee alleges will establish that subsequent to the granting of this appeal this matter was fully and finally settled by compromise agreement which is now res judicata. The motion is unopposed.
The plaintiff filed this suit against the defendant, Prudential Insurance Company of America, to recover medical expenses under a group insurance policy issued by Prudential. A default judgment was rendered and signed on December 28, 1979. A motion for new trial was denied and Prudential timely perfected this appeal.
On September 12, 1980, the plaintiff-ap-pellee filed this motion to remand contending the case had been compromised on May 28, 1980, some two months following the granting of this appeal. In the motion to remand mover alleges that on May 20,1980, counsel for the plaintiff was contacted by counsel for the defendant for the purpose of negotiating a compromise of the instant suit and another similar suit involving the same parties. Mover further alleges that an agreement of compromise was reached and counsel for the plaintiff forwarded a written offer of compromise in the amount of $2,179.97 to counsel for the defendant, David P. Spence. It is further alleged that on May 28, 1980, Spence sent counsel for the plaintiff a letter accepting the settlement offer. This letter allegedly reads in part as follows:
“Payment has been authorized and I expect receipt of their (Prudential’s) draft in the amount of $2,179.97 in due course. Accordingly, you may consider the case compromised. Upon receipt of the draft, I will immediately forward it to your office together with a Satisfaction of Judgment and Joint Motion of Dismissal.”
It is finally alleged that on June 20, 1980, counsel for the plaintiff was notified that Prudential refused to comply with the agreement of compromise. Counsel for plaintiff argues he has been harmed in the instant case in that he failed to preserve his right to oral argument and to file briefs because he believed the suit was compromised.
The authority of an appellate court to remand an action for proper consideration is conferred in part by LSA-C.C.P. Art. 2164 which states:
“The appellate court shall render any judgment which is just, legal and proper upon the record on appeal . . ..”
Under the judicial interpretations given to this article, this court is empowered to remand a case for the consideration of new evidence. Roark v. May, 367 So.2d 397 (La.App. 3rd Cir. 1978); Writ Denied, 368 So.2d 123 (La. 1979).
The above being considered we conclude that the ends of justice would be best served by setting aside the judgment appealed from and remanding the case to the trial court in order that the parties may be given an opportunity to introduce in evidence the alleged compromise agreement and any other proof which may be available to the parties relating to the validity of the alleged agreement and the effect which it may have on the rights and claims of the parties. After a hearing, the trial court is instructed to determine the effect which the alleged compromise agreement has had on the rights of the parties, and then judgment on the merits should be rendered consistent with that determination. We express no opinion as to the validity or effect of the alleged compromise agreement, or as to the merits of the case. We are remanding the case solely because we feel that under the circumstances presented the ends of justice would be best served by such a procedure. See Town of Eunice v. M&L Construction Company, 212 So.2d 125 (La.App. 3rd Cir. 1968).
For the above and foregoing reasons, the judgment appealed from is set aside and the case is remanded to the trial court for further proceedings consistent with the *782 views herein expressed. The costs of this appeal are assessed to defendant-appellant.
REMANDED WITH INSTRUCTIONS.