392 So.2d 759 (1980)
Lily Davies BODIN and United States of America (Intervenor), Plaintiffs,
v.
Joan A. BODIN, Defendant-Appellee. Appeal of United States.
No. 7956.
Court of Appeal of Louisiana, Third Circuit.
December 17, 1980.
*760 Frances O. Allen, 1st Asst. U. S. Atty., Shreveport, for plaintiff-appellant.
Shelton & Legendre (Thomas F. Porter, IV, Lafayette, for defendant-appellee.
Before GUIDRY, STOKER and DOUCET, JJ.
GUIDRY, Judge.
The record on appeal in this case is very incomplete. It is only by reference to the pleadings of the parties, their briefs, and the opinion of this court in a prior appeal[1] that we are able to reconstruct the background of the instant controversy.
The above sources indicate that on September 8, 1977, one, Lily Davies Bodin instituted a suit for partition by licitation against Joan A. Bodin, divorced wife of Luther R. Doiron. By means of an amending petition the plaintiff made the United States of America, through the Internal Revenue Service, a party to this suit because of certain outstanding Federal tax liens filed against Joan Bodin Doiron in the mortgage records, which ostensibly affected the interest of Joan Bodin in the property sought to be partitioned. Presumably the several tax liens, of record at the time suit was filed, were for unpaid income taxes due by Luther R. and Joan Bodin Doiron for the periods ending December 31, 1967, December 31, 1968 and December 31, 1969. Joan Bodin filed answer to the petition of plaintiff together with a rule to show cause seeking cancellation of all encumbrances bearing upon the property sought to be partitioned, urging that the recorded encumbrances secured debts of the former community existing between her and her divorced husband; she had formally renounced the community of acquets and gains; and, the property involved in the lawsuit was her separate and paraphernal property. After a hearing on the rule to show cause judgment was signed on February 28, 1978, ordering all mortgages, etc., cancelled, insofar as the property involved in the partition suit was concerned, except for one Federal tax lien, being a lien arising from a tax assessment made against the taxpayers, Luther R. and Jo Ann (Joan) Doiron (Joan A. Bodin), on June 25, 1973, for income taxes for the period ending December 1, 1967, in the amount of $5,107.02, for which the record was kept open. No appeal was taken from the judgment of February 28, 1978. Trial was had on the merits and on April 27, 1978 judgment was rendered ordering a partition by licitation and referring all claims, liens and encumbrances to the proceeds of sale. Judgment *761 was also rendered against the United States of America cancelling the tax lien not previously considered on trial of the earlier rule. The United States of America appealed from the judgment of April 27, 1978 but only insofar as it ordered cancellation of the tax lien for unpaid income taxes for the period ending December 31, 1967. On appeal, this court reversed the judgment of the trial court and ordered that the lien be reinstated and referred to the proceeds of the sale. See Lily Davies Bodin v. Joan A. Bodin, United States of America, Intervenor, supra.
Presumably, following remand, the property was sold and on May 14, 1979 the trial court rendered judgment approving the proces verbal and tableau of distribution and ordered that the amount allocated to Joan A. Bodin, i. e., the sum of $25,778.92, be deposited in the registry of court. Presumably this order also required all parties to assert any and all claims to the amount so deposited within forty (40) days or on or before June 23, 1979. The record before us contains none of the pleadings and evidence offered in support of the judgments previously rendered in this matter nor does it contain any of the judgments previously rendered. The first pleading appearing in this record on appeal is a motion for a rule to show cause, filed by the United States of America, asserting its entitlement to such portion of the funds on deposit in the registry of court sufficient to satisfy its liens for 1967, 1968 and 1969, unpaid income taxes due by Joan Bodin, i. e., the sum of $19,302.11, plus interest accruing on and after April 18, 1979 and appropriate penalties and costs. There next appears in the record an exception of res judicata filed by the defendant, Joan Bodin, wherein it is alleged that on February 28, 1978, the trial court rendered judgment cancelling, among other encumbrances, the liens filed by the United States of America against Joan A. Bodin for unpaid income taxes for the periods ending December 31, 1968, and December 31, 1969. Exceptors further alleged that said judgment being now final bars any recovery by the U.S.A. of unpaid taxes for 1968 and 1969. Defendant also filed a pleading entitled "MOTION TO DISMISS CLAIM OF UNITED STATES AND RULE TO SHOW CAUSE", wherein she again sets up the February 28, 1978 judgment in bar of the claim of the United States of America for recovery of unpaid taxes for the years 1968 and 1969. Defendant later amended the latter motion to assert her right to a reduction of any amount found due and owing the U.S.A. pursuant to the provisions of Section 165(c)(3) of the Internal Revenue Code. The exception and motions were apparently consolidated and heard on October 22, 1979. Presumably the proceedings held October 22, 1979 were not transcribed or if transcribed the transcript has been omitted from the record before us. According to the record neither party to the rules and motions introduced any evidence in support of their respective positions, although the U.S.A. did attach to its original motion for disbursement of funds to it, certified copies of "Notices of Levy", "Certificates of Assessments" and a "Schedule of Unpaid Tax Liability of Lou and Joann Doiron".
The trial court, without giving any reasons, oral or written, rendered judgment May 15, 1980 dismissing the claim of the United States and sustaining the exception of res judicata. We at this point observe that the trial court dismissed, as well, the claim of the United States for unpaid income taxes due by Luther R. and Joan Bodin Doiron for the period ending December 1, 1967, which was clear error considering our judgment of February 1979, reported at 367 So.2d 1240, which ordered a reinstatement of the Federal tax lien and a referral of such lien to the proceeds of sale.
With regard to the viability of the U.S. A.'s claim against the proceeds on deposit for alleged unpaid taxes for the year 1968 and 1969, we gather from the briefs of the parties that defendant, Joan Bodin, takes the position that the judgment of February 28, 1978 bars such claim. On the other hand, the U.S.A. asserts that the liens for 1968 and 1969 taxes which it now asserts are not the same liens which were cancelled by the judgment of February 28, 1978.
*762 It appears to us that the question as to whether the liens cancelled by the judgment of February 28, 1978 are the same liens as those being now asserted by the United States of America is an issue susceptible of positive proof. However, considering the state of the record on appeal we are unable to resolve this issue.
Appellate courts are given the power to remand an action for proper consideration when the record is so incomplete that the court is unable to pronounce definitely on the issues presented or where the parties have failed, for whatever reason, to produce available evidence material to a proper decision. LSA-C.C.P. Article 2164; Roark v. May, 367 So.2d 397 (La.App. 3rd Cir. 1978), writ ref., 368 So.2d 123 (La.1979); Jones v. Leday, 373 So.2d 787 (La.App. 3rd Cir. 1979); Turpin v. Turpin, 175 So.2d 357 (La.App. 2nd Cir. 1965). Accordingly, we feel that, in the interest of justice, the judgment of the trial court must be reversed and this matter remanded to the trial court for further consideration of the issues presented. Upon remand the parties should be allowed to introduce all legal and competent evidence in support of their respective positions. We at this point reiterate that upon remand the trial court should reconsider the issue as to the U.S.A.'s entitlement to payment for unpaid income taxes for the period ending December 31, 1967 in light of our previous judgment reported at 367 So.2d 1240.
For the reasons assigned, the judgment appealed from is reversed and set aside and it is now ordered that this matter be and the same is hereby remanded to the trial court for further proceedings consistent with law and the views hereinabove expressed. Defendant-Appellee, Joan Bodin, is assessed with the costs of this appeal. The assessment of all other costs shall await final judgment.
REVERSED AND REMANDED.
NOTES
[1] Lily Davies Bodin v. Joan A. Bodin, United States of America, Intervenor, 367 So.2d 1240 (La.App. 3rd Cir. 1979).