GUIDRY, Judge.
The instant case, a petitory action, was consolidated in the trial court with a boundary action entitled Stafford v. McCartney, La.App., 399 So.2d 789 and remains so on appeal. The latter suit bears out docket number 8243. We this day render a separate opinion in that suit.
Our previous consideration of this matter resulted in the reversal of an earlier judgment and a remand of the instant proceeding for consolidation with the boundary action and for the filing of any additional pleadings and the admission of any additional evidence which the parties desired in connection with both cases. See 307 So.2d 782 (La.App. 3rd Cir. 1975). This appeal comes to us after a judgment on remand.
The records on appeal in these consolidated cases are woefully incomplete. From a review of our previous opinion and the records lodged with this court, we find the history of this litigation to be as follows:
The plaintiffs in this suit, Mrs. Sillar McCartney, et al., filed a possessory action coupled with a demand for damages against defendant, Dave Stafford. The McCart-neys alleged that Stafford disturbed their possession of a tract of land located in the Northwest Quarter of Section 3, T9N, R10W, Natchitoches Parish, Louisiana. Stafford answered, converting the suit to a petitory action. Specifically, Stafford alleged that he had valid record title to a tract of land which extended to the section line of Section 3, T9N, R10W, and that he had acquired property beyond his title to a visible boundary by the prescription of ten and thirty years under LSA-C.C. Articles 852 and 853. As to the latter claim, Stafford asserted that he possessed to an old fence located south of the section line which separated his land from that of the McCart-neys. Subsequently, the two suits were consolidated for trial. The McCartneys opposed consolidation of the two actions contending that the court-appointed surveyor had not yet made the survey, thus, the boundary action was not ready for trial. The district judge agreed. The parties then proceeded to try the petitory action. The trial judge, in his written reasons for judgment, noted that he could not decide the question of ownership of the subject land without knowing the extent of the boundaries. Although rendering judgment in favor of the McCartneys, the trial court did not decide the issue of title, but rather, rendered judgment maintaining the McCartneys in possession of the disputed property and awarding them damages in the amount of $900.00. Upon appeal to this court, we concluded that the defendant was entitled to have his petitory action decided. We did not determine the extent of property owned by the parties, but rather remanded the matter of the trial court for decision of all issues reserving all rights to the parties to assert in the consolidated cases whatever claims to ownership they may have by recorded title, by prescription, or otherwise. Our intention in remanding the case to the trial court was for the lower court to decide the petitory action and the boundary action as well as resolve the plaintiffs’ claim for damages.
The records lodged in the instant appeals are so deficient and incomplete that we are unable to ascertain exactly what transpired after remand except that by order dated May 29, 1979, the trial judge ad hoc appointed Russell Engineers of Logansport, Louisiana, to prepare and submit a survey of the boundary between the subject prop *789 erties. Presumably, this survey was conducted and the original was filed with the trial court on or about July 12, 1979. The record reflects that subsequent to the filing of the survey, the then-attorney for the McCartneys filed an exception to the survey alleging that the survey conducted by Russell Engineers was not in compliance with the formalities required for the execution of such surveys as provided for in LSA-C.C. Articles 833 and 834. The next document in the record is a judgment rendered by the trial court on September 29, 1979 which overrules plaintiffs’ exception and purports to fix the boundary between the properties of the parties according to the survey conducted by the Russell firm. In addition, the judgment orders that the cost of the survey be taxed as costs and that the McCartneys be cast for all costs in both proceedings. The McCartneys appealed and urge that (1) the only issue before the court at the time of the hearing on September 21, 1979 was the propriety of plaintiffs’ exception to the survey, thus the trial court erred in adjudicating the boundary issue; and, (2) neither the plaintiffs nor plaintiffs’ counsel were notified regarding the date of the hearing, hence, the hearing was conducted without the plaintiffs’ interests being represented. We observe also that the trial court has still not determined Stafford’s petitory action nor the plaintiffs’ claim for damages.
A review of this court’s earlier decision reveals clear instructions to the lower court. We remanded the case for the express purpose of resolving a 11 issues presented in both suits at one time. It is well settled and a traditional procedural policy of Louisiana courts that piecemeal trial of cases is disfavored except where permitted by statutes. McDonald v. Book, 215 So.2d 394 (La.App. 3rd Cir. 1968); Smith v. Hanover Insurance Co., 363 So.2d 719 (La.App. 2d Cir. 1978).
After considering the incompleteness of the records before us, even as to the determination of the correctness of the trial court’s conclusions regarding the boundary action, we conclude that the consolidated cases must be again remanded. Accordingly, for the reasons assigned, the judgment appealed from is reversed and set aside and it is now ordered, adjudged and decreed that these consolidated matters be remanded to the trial court for a new trial on all issues presented in both matters consistent with the views herein expressed. Costs of this appeal are assessed to Dave Stafford. Assessment of all other costs are to await a final determination of these matters.
REVERSED AND REMANDED.