DOMENGEAUX, Judge.
MOTION TO REMAND
Defendants-appellees, Terry A. Cromwell, M.D., St. Paul Fire and Marine Insurance Company and “Jane Doe”, and court reporter Vernelle P. Hebert move to remand this suit to the trial court to permit traversing of the forma pauperis order. The motions are unopposed. We remand.
The plaintiff, Lydia Golden, was permitted to prosecute this matter to trial by jury as a pauper based upon the ex parte order of the trial court dated November 14, 1977.
After the appeal was lodged, defendants-appellees filed a motion to remand on November 2, 1981 and Vernelle P. Hebert, Official Court Reporter, filed a motion to remand on November 4, 1981. The defendants-appellees aver that the testimony of the plaintiff herself at the trial establishes that at the time of the trial she had definite arrangements made to commence employment as of September, 1981. Both defendants-appellees and the court reporter aver that plaintiff is currently employed and not entitled to proceed with this appeal in for-ma pauperis. The two motions to remand pray for such to permit traversing of the forma pauperis order.
*524 The authority of an appellate court to remand an action for proper consideration is conferred in part by LSA-C.C.P. art. 2164 which states:
“The appellate court shall render any judgment which is just, legal and proper upon the word of an appeal.... ”
Under the judicial interpretations given to this article, this court is empowered to remand a case for the consideration of new evidence. Roark v. May, 367 So.2d 397 (La.App. 3rd Cir. 1978), writ denied, 368 So.2d 123 (La.1979).
LSA-C.C.P. art. 5184 states:
“An adverse party may traverse the facts alleged in the affidavits of poverty, and the right of the applicant to exercise the privilege granted in this Chapter, by a rule against him to show cause why the order of court permitting him to litigate, or to continue the litigation, without paying the costs in advance, or as they accrue, or furnishing security therefor, should not be rescinded.
The court shall rescind its order if, on the trial of the rule to traverse, it finds that the litigant is not entitled to exercise the privilege granted in this Chapter.”
There is no statutory provision for the court reporters of the Fifteenth Judicial District to traverse by rule a party’s rights to the benefits of our pauper statutes. We need not decide at this time whether a court reporter is an “adverse party” given the right to traverse under LSA-C.C.P. Article 5184 because the court reporter is not the only party who filed a motion to remand. The defendants-appellees also filed a motion to remand for the purpose of traversing the forma pauperis order. They are clearly “adverse parties” given such a right under LSA-C.C.P. Article 5184.
The appeal is hereby remanded to the trial court for the purpose of allowing the movers to traverse the appellant’s right to proceed with their appeal in forma pauper-is.
APPEAL REMANDED.