BARNETTE, Judge.
This is a petitory action brought by the Jefferson Parish School Board asserting a claim of ownership by virtue of an alleged dedication of a certain irregularly shaped parcel of land bounded by High Avenue, Argonne Street, Meuse Street, and Woodrow Avenue in Square 149-B, Section H of Bridgedale Subdivision in Jefferson Parish, Louisiana.
Plaintiff’s claim is founded upon an alleged act of dedication of the land in question by its then owner, West Orleans Beach Corporation, who in 1929 subdivided a large tract of land in Section 44, T. 12 S. R. 10 E, Southeastern District of Louisiana, in Jefferson Parish to be known as Bridgedale Subdivision, Sections G and H. *819 The portion in dispute was identified as 149-B and was marked on the map “Reserved for Schools”. The following legend and certification are inscribed on the plat:
“New Orleans, La.
July 1st 1929
“We, the West Orleans Beach Corporation Inc., owners of the property shown on this plat or map, by virtue of a resolution by our Board of Directors, passed at a meeting held on the 19th day of March 1929, hereby approve of this plan of Sections G and H, Bridgedale subdivision, and do hereby formally dedicate to and for Public Use all streets, avenues, highways, drives, drainage canal areas, and etc. [sic], as shown hereon.
“West Orleans Beach Corporation, Inc. By: [Signed] J. P. Schaeffer J. P. Schaeffer, President”
“Gretna, La.
August 1st 1929
“I, J. H. Payne, Engineer for the Parish of Jefferson, Louisiana, do hereby certify that I have examined and checked this map of re-subdivision, and finding same to be in conformity with original subdivision and with Act 134 of the Louisiana Legislature of 1896, the same is hereby approved.
“[Signed] J. H. Payne J. H. Payne, C. E.
Engr. Parish of Jefferson”
On November 5, 1956, West Orleans Beach Corporation, by dation en paiement, transferred the property described as Bridgedale Subdivision to Assets Realization Company, Inc. The detailed description of the property conveyed by lots and squares omitted Square 149-B, Section H.. On August 26, 1959, a transfer was executed conveying to Assets Realization Square 149-B stating that it was “inadvertently” omitted from the 1956 dationen paiement and should have been included', for the same consideration therein expressed.
By Ordinance No. 4206, adopted September 3, 1959, the Jefferson Parish Council[1] accepted and then revoked the dedication of the property in question as follows:
“The Jefferson Parish Council hereby ordains:
“Section 1. That the plan of subdivision of Square 149-B, Section ‘H’,. Bridgedale Subdivision, Jefferson Parish, Louisiana, in accordance with the plan of J. L. Fonteuberta,[1] Surveyor,, dated May 27, 1959, a copy of which, plan is annexed hereto and made a. part hereof, be, and the same is hereby-approved and accepted.
“Section 2. That the dedication of' Square 149-B, Section ‘H’, Bridgedale-Subdivision, be accepted.
“Section 3. That the dedication of Square 149-B, Section ‘H’, Bridgedale-Subdivision, being an irregular shaped-square of ground bounded by Woodrow and High Avenues, Argonne and Meuse-Streets, marked ‘Reserved for parks, schools or churches’,[2] be and the samé-is hereby rescinded, revoked and set aside, and that the ownership thereto shall hereby revert to the present owner of the said property.”
Following this purported revocation of dedication which the preamble of the foregoing ordinance declares was never formally made, the property in question was *820 conveyed by Assets Realization Company, Inc., to Jeff, Inc., September 29, 1959, for $65,000 with the following stipulation:
“It is understood by the parties hereto tha [sic] the use of the property herein conveyed is limited to use as a school site in accordance with plan of Neale & Wirth, Landscape Architects, dated January 1926 and plan of F. B. Grev-emberg, Surveyor, dated July 1925.”
A large number of individuals have bought lots in the square in question and have been made defendants herein along with Assets Realization Company, Inc., West Orleans Beach Corporation, Jeff, Inc., and the Jefferson Parish Council and each of its members individually.
Exceptions of no cause or no right of action were filed on behalf of the defendants and sustained on the authority of the companion case, Jefferson Parish School Board v. Jeff, Inc., 164 So.2d 71, decided by this court, June 1, 1964. Writs were denied by the Supreme Court, 246 La. 722, 167 So.2d 302 (1964). From the judgment sustaining the exceptions of no cause or no right of action the plaintiff has appealed.
Except for very minor distinctions the facts in this case are identical to those in the companion case of Jefferson Parish School Board v. Jeff, Inc., supra. The questions of law are the same. We have very carefully examined the record and appellant’s brief in an attempt to determine upon what basis it attempts to distinguish this case from the former one and bring it out from under the authority of our decision in that case. The Board’s contention is that the prior case is contrary to law and should be overruled. In the alternative it argues that the prior suit can be distinguished in that there the court merely found that the use of the phrase “Reserved for Parks, Schools, or Churches” did not indicate an intention on the part of the owners to dedicate the property for public use. The Board points out that the court did not find the use of the word “reserved” fatal to an attempt to show a dedication, and also pointed out that the language on that plat indicated that the property was “to be dedicated”- — language that does not appear on the plats under consideration now. Finally, plaintiff argues that the court was in error when it construed “reserved” to mean that the owner had reserved title to the disputed portion in himself. It contends that the term should be construed to mean that the property was reserved for schools.
The plaintiff School Board argues that it is the traditional and constitutional authority for the administration of property dedicated to the public for school purposes in Jefferson Parish. This argument is not disputed.
Appellant in this case, as in the former case, relies chiefly on the contention that the legend on the plat by Grevemberg, July 1, 1929, dedicating “for Public Use all streets, avenues, highways, drives, drainage canal areas, and etc. [sic], as shown hereon” [3] with the certification of approval by the Parish Engineer is sufficient to constitute a dedication of the tract designated on the map by the words “Reserved for Schools”. It is contended that this is a substantial compliance with Act 134 of 1896, now LSA-R.S. 33:5051, citing Parish of Jefferson v. Doody, 247 La. 839, 174 So.2d 798 (1965), and several other cases.
Insofar as the streets, avenues, and drainage canals shown on the plat are concerned, there is no question that there was a substantial compliance with Act 134 of 1896 (LSA-R.S. 33:5051). Under the authority of Parish of Jefferson v. Doody, supra, we think this would be true regardless of the following words of dedication: “We * * do formally dedicate to and for Public Use all streets, avenues, highways, drives, drainage canal areas, and etc. [sic], as shown hereon.” This does not, however, support *821 plaintiffs argument that this also was a dedication of the square marked “Reserved for Schools”. The notation on the subdivision plat could he construed as an expression of intent by the subdivision developers to sell or otherwise transfer, at some future date, some or all of the reserved area to the Parish School Board for a public school or to a private group or church body for the establishment of a private or parochial school. There are many such schools in the area not under the administrative authority of the Parish School Board. A purchaser of a lot in the subdivision might have been influenced in selecting a home site by the representation that an area had been reserved for the location of a school or schools at some future date and might have some reason to complain about the property so “reserved” being put to another use. But that is not the case before us. We cannot read into the words “Reserved for Schools” any other meaning or intent of the owners who subdivided the property. That they, or their successors in title, might have changed their minds and decided to make other disposition or use of the “reserved” tract does not give a right or cause of action to the Parish School Board.
All of the cases cited by plaintiff-appellant and many more, with the exception of the Doody case, which was decided at .a later date, were considered and discussed by us in the earlier suit by this plaintiff-appellant and there is no point in a further discussion of them here.
For the reasons stated by us in the former •case, Jefferson Parish School Board v. Jeff, Inc., supra, we hold that the notation on the plat indicating Square 149-B, Section H of Bridgedale Subdivision “Reserved for Schools” was not sufficient to constitute a dedication of said square to -the public, and therefore the plaintiff-appellant does not have a cause or right of action to claim its ownership.
The judgment appealed from maintaining exceptions of no cause or no right of action and dismissing plaintiff’s suit is affirmed.
Affirmed.

. The Fonteuberta plat is not in the record. It is assumed that it subdivided Square 149-B into lots with streets, etc., laid out appropriately.

. Previous plats by Neal & Wirth (1926) and F. B. Grevemberg (1925) merely say “Reserved for Schools”. The words “Reserved for Parks, Schools, or Churches” were used in the companion case, Jefferson Parish School Board v. Jeff, Inc., 164 So.2d 71 (La.App. 4th Cir. 1964).

. The legend on the Grevemberg map, except for names and dates, is in the exact words of the legend relied on by appellant in the former case.