434 So.2d 436 (1983)
Michael Roy RIVET, et al, Plaintiffs-Appellees,
v.
STATE of Louisiana, Through the DEPARTMENT OF TRANSPORTATION & DEVELOPMENT, and L.H. Bossier, Inc.
No. 82-734.
Court of Appeal of Louisiana, Third Circuit.
May 25, 1983.
*437 Trimble, Randow, Percy, Wilson & Foote, James T. Trimble, Jr., Alexandria, for defendant-appellant-appellee.
R. Randall Roche, Baton Rouge, for defendant-appellee-appellant.
Dupuy & Didier, Marc Dupuy and Deborah Didier, Earl Edwards, Marksville, for plaintiff-appellee.
Before DOUCET, YELVERTON, and KNOLL, JJ.
*438 DOUCET, Judge.
Cordelia Rivet was killed when the car she was driving collided with a bridge abutment on La. Hwy. 1 at Bayou des Glaise. The decedent's children filed suit, seeking damages resulting from the death of their mother, against the Louisiana Department of Transportation & Development (DOTD) and L.H. Bossier, Inc., the construction company working on the highway at the time of the accident. Judgment was rendered in favor of plaintiffs. Defendants appeal. We affirm.
The accident occurred on March 2, 1980 at about 7:35 P.M. Mrs. Rivet was pronounced dead at about 8:25 P.M. The accident happened when the automobile Mrs. Rivet was operating collided with the southeast abutment of the bridge which spans Bayou des Glaise on Highway 1 about .4 miles north of its intersection with La. Hwy. 451 in Avoyelles Parish, La. Work improving Highway 1 had been in process for several months. The Highway at the time of the accident was approximately 24' wide with a yellow solid painted line and painted dash line placed by DOTD in the center of the highway as well as the dashed white reflector tape placed by the contractor (allegedly at the instruction of DOTD) along the shoulder portion of the highway. The orders to place the reflective tape along the line delineating the travel portion from the shoulder of the highway followed an accident on December 25, 1979, when Napoleon Coco struck the bridge railing on the east side of the bridge. There was a "45 MPH speed limit" sign, a "Low Shoulder" sign, an "Ice on the Bridge" sign, and an "Under Construction", sign all placed by the contractor in accordance with specifications prepared by DOTD.
The bridge is approximately 2 feet wider on each side than the travel lanes of the highway. (In this respect, it should be noted that other bridges in the vicinity along Highway 1 had been widened to accommodate the widened shoulders.) The shoulders did not taper off as they approached the bridge and there were no guard rails adjacent to the shoulder so as to funnel motorists away from the bridge abutment. At the end of the bridge, attached to the abutment, there is a black and silver stripe reflector which had been placed by the DOTD long before the construction project had begun. The bridge itself was dark, unpainted. There was no actual construction in the immediate area when the accident occurred as inclement weather had prevented continued construction activity. The status of the project at the time was such as to give the illusion of a highway wide enough to accommodate a four-lane highway.
Mr. Thomas Bordelon, chief construction engineer for District 8 of DOTD located in Alexandria, had given Mr. Jessie Lachney, project engineer with DOTD, instructions to require the contractor to apply the strips of white reflective tape along the line that delineates the traffic portion of the highway from the shoulder. Pursuant to these instructions, the contractor applied the tape accordingly. There were no other markings to distinguish between the travel lane and shoulder; no barricades, blinker lights, kerosene torches or other reflectors. The condition of the highway at the time of the accident can be seen in Plaintiff's Exhibit "P-7".[*]
The trial court found the defendants liable in solido to the plaintiffs. The third party demand of L.H. Bossier, Inc. against DOTD, premised upon the fact the contractor was acting pursuant to express instructions of the State, was granted. The State's third party demand against the contractor was denied. The trial judge awarded $35,000.00 to each of Mrs. Rivet's three major children and awarded her estate the sum of $15,000.00 for pain and suffering prior to death.
From that judgment, both the contractor and DOTD appealed. Appellants contend the trial court erred in: (1) finding liability; (2) failing to find plaintiffs barred from recovery due to decedent's fault; and (3) awarding damages.
*439 The Department's duty to maintain safe highway shoulders encompasses the obligation to protect a motorist who inadvertently drives onto the shoulder. LeBlanc v. State, 419 So.2d 853 (La.1982); Rue v. State, Dept. of Highways, 372 So.2d 1197 (La.1979). "Liability based upon negligence is imposed when the Department is actually or constructively aware of a hazardous condition and fails to take corrective action within a reasonable time." Sinitiere v. Lavergne, 391 So.2d 821 (La.1980). "Hazardous conditions, created by construction work on a highway, must be remedied within a reasonable length of time. It is a breach of the Department's duty to allow a hazardous condition to exist for an unreasonable length of time, particularly when it is within the capability of the Department to eliminate the hazard." Knotts v. State, Dept. of Highways, 395 So.2d 419 (La.App. 3rd Cir.1981) writs refused 400 So.2d 669 (La.1981). The hazardous condition created by the substandard marking of the shoulder and bridge was known to DOTD for an extensive period of time preceding Mrs. Rivet's fatal nocturnal collision. As aforementioned, Napoleon Coco had been involved in a similar accident on December 25, 1979. The hazard created was certainly one which the Department and/or contractor could have easily remedied. Nevertheless, the only corrective measure taken was the application of small strips of white reflective tape, which, as the trial judge noted, only compounded the hazard by appearing "... to be the middle line of two north-bound running lanes, thus leading the north-bound Rivet vehicle straight into the bridge's right-hand concrete abutment." Liability was properly imposed for failure to adequately warn of the unreasonably hazardous condition.
With regard to the contractor's claim that it was improperly cast liable in solido with DOTD, our jurisprudence holds that anyone contracting with the Department to do road repair is obligated not to expose the traveling public to undue hazards. Knotts v. State, supra; Hale v. Aetna Casualty & Surety Co., 273 So.2d 860 (La.App. 2nd Cir.1973) writ denied, 275 So.2d 867 (La.1973). We find no error in this respect.
Both DOTD and the contractor contend that Mrs. Rivet's intoxication was cause-in-fact of the accident such as to preclude them from being held liable. However, the trial judge found "... the decedent's degree of intoxication was not the cause or even a contributing factor to the fatal accident..." Causation is a question of fact as to which the trial court's determinations are entitled great weight and should not be disturbed absent manifest error. Smith v. State, Through Dept. of Transp., 412 So.2d 685 (La.App. 2nd Cir. 1982) writ denied 413 So.2d 907 (La.1982); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). We find no manifest error.
Although the damage awards granted by the trial judge appear to us to be somewhat generous, we cannot conclude he exceeded his "much discretion". La.Civ. Code Art. 1934(3); Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976); Reck v. Stevens, 373 So.2d 498 (La.1979). The trial court found that "the Rivet family was an extremely close and loving family unit". The children's father had died when they were young, thus their relationship with their mother was especially close. It is not known exactly how long Mrs. Rivet laid in her automobile critically injured before help arrived, however, the medical testimony indicates she was in extreme pain and conscious for a great deal of the period before her death.
For the reasons assigned hereinabove, the judgment of the trial court is affirmed. Costs of this appeal are to be divided evenly between appellants.
AFFIRMED.
NOTES
[*] Not reproduced for this publication.