468 So.2d 658 (1985)
Mardessa Connor BICKHAM, et al.
v.
AIRLIE CORPORATION, et al.
No. CA-2620.
Court of Appeal of Louisiana, Fourth Circuit.
April 9, 1985.
Writ Denied June 7, 1985.
*659 Lawrence D. Wiedemann, W. Loyd Bowers, Wiedemann & Fransen, Stanley J. Jacobs, New Orleans, for appellees.
Christovich & Kearney, Charles W. Schmidt, III, New Orleans, for appellants.
Before BARRY, WARD and BYRNES, JJ.
BYRNES, Judge.
This appeal arises out of a wrongful death action in which the court awarded plaintiffs-appellees $610,000.00 in total damages.
The decedent, Coye Bickham, sustained third degree burns over 80% of his body in a butane gas explosion at his home outside Franklinton, Louisiana, on February 6, 1982. He was taken to Charity Hospital in New Orleans where he survived for eighty days in the burn unit. While in the hospital he was constantly undergoing skin grafts and theraputic baths in an effort to save his life.
This wrongful death action was brought by decedent's widow, one minor child, and six major children against Airlie Corporation and Jack Thomas, appellants herein. The suit was tried before a jury which returned a verdict finding the defendants 100% at fault. The amount of damages was determined by the jury in response to the following interrogatories:
9. What amount of damages do you award to plaintiffs for the pain, suffering, mental anquish, and medical expenses sustained and incurred by Coye Bickham prior to death.
 $305,000.00
10. What amount of damages do you award to the following plaintiffs for their loss of love and affection and support as *660 a consequence of the death of Coye Bickham?

Mardessa Connor Bickham $235,000
McCoy Bickham 10,000
Gloria Jean Bickham Webb 10,000
Arron Bickham 10,000
Carlos Bickham 10,000
Jewel Bickham 10,000
Richard Bickham 10,000
Ronald Bickham 10,000

The jury was polled, and the verdict was confirmed unanimously. The court did not render its final judgment immediately but rather took the matter under advisement and dismissed the jury.
Several days after the trial, appellant filed a "Motion for Entering Judgment in Accordance with the Jury's Verdict." This motion requested that judgment be granted for $305,000.00. In support of this motion appellants' attorney affixed the affidavits of eight jurors which allegedly stated that the jury intended the award to be a total of $305,000.00, not a total of $610,000.00 as shown on the responses to interrogatories 9 and 10.
The trial court ultimately entered judgment for $610,000.00 and granted appellees' motion to strike the affidavits from the record. This appeal followed.

ASSIGNMENTS OF ERROR
Appellants do not contest liability. They contend that:
1). The trial court erred in entering judgment in the amount of $610,000.00 rather than $305,000.00;
2). The trial court erred in granting appellees' post trial motion to strike the affidavits from the record;
3). The award of $610,000.00 is inequitable and unjustly enriches appellees.
Appellees have filed an answer to the appeal requesting that the award for pain and suffering and the awards to the children for loss of love and affection be raised.

THE AFFIDAVITS
The trial court's decision to disregard the affidavits, strike them from the record, and enter judgment according to the interrogatories was based on Nailor v. International Harvestor Co., 430 So.2d 784 (La.App. 5th Cir.1983).
In Nailor, supra, the plaintiff was attempting to change the jury's verdict by introducing affidavits of jurors to show that the award represented by the interrogatories was not what the jury intended. The defendants filed a motion to strike the affidavits from the record. The court of appeal granted the motion holding:
Documents not offered in evidence in the trial court may not be considered by the Court of Appeal. Vinson v. Levy, 372 So.2d 694 (La.App. 1st Cir.1979), writ denied 375 So.2d 942; see also Jackson v. Gordon, 381 So.2d 520 (La.App. 1st Cir. 1980); Leger v. Delano Plantation, Inc., 350 So.2d 377 (La.App. 3d Cir.1977). Further, except for polling and certain types of extreme irregularities such as tampering, the law does not allow any inquiry into the method or thought process by which a jury reaches its verdict. Morris v. Guidry, 335 So.2d 75 (La.App. 3d Cir.1976), writ denied 338 So.2d 702. Nailor, supra, at 791.
In the present case interrogatories nine and ten clearly refer to two separate awards. Appellant's attempt to show that the jury intended something other than two separate awards involves "inquiry into the method or thought process by which a jury reaches its verdict". Such inquiry is not permitted under Louisiana law in the absent of allegations of jury tampering. See also Conner v. Florida Farm Bureau Casualty Insurance Co., 446 So.2d 383 (La.App. 3d Cir.1984). Moreover, because these affidavits were not offered into evidence as part of the trial, we may not consider them on appeal. Under these circumstances granting the motion to strike was proper.
It was also proper for the trial court to disregard these affidavits in finalizing the verdict of the jury.
Confusion of the jury is one of the hazards one must forsee when trying a case to a jury; it is the obligation of the *661 parties or, more properly, their attorneys to present their side of the evidence in such a way that the jury will understand it. Nailor v. International Harvestor Co., supra,

In the present case the attorneys for the parties made reference to two awards during their respective closing arguments; decedents pain and suffering and plaintiffs loss of love and affection. The court adequately instructed the jury regarding each award. Interrogatories nine and ten, quoted earlier, could not have been clearer. Finally, the record reflects that both attorneys approved the interrogatories regarding damages. These interrogatories were the result of a collaboration between the court and the attorneys. If appellants feel that there should have been another interrogatory requesting the jury to indicate the total amount of the award, they should have submitted such an interrogatory at trial or objected to the interrogatories actually submitted. Conner v. Florida Farm Bureau Casualty Insurance Co., supra, and Nailor v. International Harvestor Co., supra. In the absence of such an objection we must find that the trial court properly entered judgment in accordance with the jury's verdict.

THE AWARDS
The court awarded $305,000.00 for decedent's pain and suffering. Appellees contend that this award should be increased to a minimum of $1,000,000.00.
In assessing quantum for the pain and suffering of the decedent we must consider the severity and duration of the injury preceding death. Buckley v. Exxon Corp., 399 So.2d 1225 (La.App. 3d Cir. 1981). Mr. Bickham suffered third degree burns over 80% of his body. He survived in the Burn Unit of Charity Hospital for 80 days. The record establishes that during that time he underwent repeated skin grafts and theraputic baths. The record further establishes that decedent often cried due to his pain as he lay in his hospital bed.
Although we feel that the award given was at the extreme low end of the reasonable range of awards, we cannot say that the jury abused much discretion in reaching its verdict. Absent such abuse we cannot disturb the award on appeal. Coco v. Winston Industries, 341 So.2d 332 (La.1976).
The court also awarded a total of $305,000.00 for the loss of love and affection suffered by the plaintiffs. Decedent's widow received $235,000.00, and the remaining $70,000.00 was divided equally among the seven children.
The record shows that decedent's widow, his children, his brother, and his cousin all testified that decedent maintained a very close relationship with his entire family despite the fact that he and his wife separated several years prior to his death. In fact, Mrs. Bickham testified that their relationship was closer after they separated. Decedent lived next door to his wife, and they saw each other daily. The major children visited both parents regularly, and the entire family continued to get together on holidays and other special occasions.
Upon reviewing these facts we cannot say that the trier of fact abused its discretion in awarding $235,000.00 to Mrs. Bickham. Coco v. Winston Industries, supra. Although the awards to the children, particularly the minor child, appear low, we find that they are within the range of discretion afforded the trier of fact. Coco v. Winston Industries, supra.
The judgment of the trial court striking the affidavits from the record and awarding a total amount of $610,000.00 is affirmed.
Costs of this appeal are to be borne by appellant.
AFFIRMED.