GUIDRY, Judge.
Defendant, City of Pineville, appeals a judgment of the trial court awarding plaintiff $6,892.00 for services plaintiff rendered the City between October 1, 1982 and March 24, 1984. We affirm.
Dr. Wallace G. Reynolds served as coroner of Rapides Parish from October 1,1982 through March 24, 1984. In carrying out his duties as coroner, Dr. Reynolds was required by law to investigate certain deaths, commit persons of mental incapacity, conduct autopsies, issue reports and perform other duties which, by statute, was the financial responsibility of the municipality in which the necessity for those services arose.
At trial and on appeal the City of Pine-ville resists the payment of the fees for services performed by Dr. Reynolds based upon La. R.S. 33:1558, as amended by Acts 1981, No. 678, the law governing coroners and the fees due them for their services during the period plaintiff was in office. That statute reads in pertinent part as follows:
“A. The coroner, outside of Orleans Parish, Jefferson Parish, and Ascension Parish, shall receive for every investigation, thirty dollars; for viewing bodies and issuing necessary papers and reports, thirty dollars; for the performance of an autopsy a fee of not less than two hundred fifty dollars, or not in excess of three hundred dollars, at the discretion of the police jury; for attendance or testimony in any case in court in matters arising from his official duties, twenty-five dollars per day per case; a fee of thirty dollars for papers issued in each interdiction case, or commitment of mental or incompetent cases; and the attending or assisting physicians in such cases shall receive a like fee of thirty dollars.
... The police jury shall pay the fees and expenses for the coroner’s cases when the death occurs in the parish outside of a municipality or incorporated town, and shall also pay the fees for all mental or physical examinations or investigations, commitments, interdictions, court attendance, or testimony and a just fee or remuneration for attending parish prisoners.
... The municipality or incorporated town shall pay the fees and expenses of coroner cases of death, including burial of city and town paupers, when the death occurs in the corporate limit.
* * * * # *
D. Any prior provision of this Section notwithstanding, the rate of any and all fees for coroner’s services assessed to municipalities by this Section shall be set by the governing authority of the municipality so assessed; these rates are not to exceed the limitations as set forth in Subsection A hereof.
However, such fees established as of August 1, 1981, shall not be diminished, and shall not be increased except upon approval by the municipality assessed.”
Although all the fees charged by Dr. Reynolds are in accord with the schedule set out in § 1558(A), the City resists payment based upon § 1558(D), arguing that since the governing authority for the City of Pineville did not set any fees for the years plaintiff served as coroner, it has no obligation to pay the coroner’s fees. The City contends that under the mandatory language of § 1558(D), its obligation to pay Dr. Reynolds was continguent on the governing authority fixing rates not in excess of those provided for by statute. We disagree.
It is well settled that the legislature may enact any legislation not prohibited by the state or federal constitutions and that in enacting a statute, the legislature is supreme except where restricted by constitutional authority. State Bond Commission v. All Taxpayers, Property Owners, and Citizens of the State, 510 So.2d 662 (La. 1987); Davenport v. Hardy, 349 So.2d 858 *340 (La.1977); Conley v. City of Shreveport, 43 So.2d 223, 216 (La.1950). When the legislature passed La. R.S. 33:1558 (as amended by Acts 1981, No. 678), it mandated municipalities and incorporated towns to pay certain fees and expenses of the coroners for the respective parishes in which they were located and to set the rate for those fees and services within the constraints of the statute. Those governing bodies cannot escape the liability for the coroners’ expenses by simply refusing to set the rate they would pay for same. See Reed v. Washington Parish Police Jury, 518 So.2d 1044 (La.1988).
Alternatively, appellants argue that the last paragraph of Subsection D which stated in pertinent part . .fees established as of August 1, 1981, shall not be diminished, and shall not be increased except upon approval by the municipality assessed” mandates that any compensation awarded to plaintiff be made at the rates paid under the previous statutory scheme. We reject this argument for two reasons. First, this issue was not raised in the trial court and cannot be considered here. State ex rel Jones v. Edwards, 14 So.2d 829, 203 La. 1039 (La.1943); Hebert v. Landry, 193 So. 406 (La.App. 1st Cir.1940). Second, no evidence concerning the previous rate schedule (if any) was introduced at the trial level and it is well settled that evidence not introduced at trial cannot be considered on appeal. Bickham v. Airlie Corporation, 468 So.2d 658 (La.App. 4th Cir.1985), writ denied, 470 So.2d 120 (La.1985); Leger v. Delano Plantation, Inc., 350 So.2d 377 (La.App.3rd Cir.1977).
Accordingly, for the reasons stated, the judgment of the district court is affirmed. All costs both at the trial and appellate levels, to the extent permitted by law, are assessed against defendant, City of Pine-ville.
AFFIRMED.